IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Rhonda Sowell, ) | |
| ) | Civil Action No. 7:07-0359-HFF-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Summit Pointe, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court on the plaintiff's motion to dismiss without prejudice. In her complaint, the plaintiff claims that the defendant, her former employer, discriminated against her based upon her race in violation of Title VII of the Civil Rights Act of 1964.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

      The plaintiff filed her complaint with this court on February 6, 2007. The defendant, by and through counsel, timely appeared and filed its answer denying the plaintiff's claims on March 6, 2007. Thereafter, the plaintiff's attorney of record sought to be relieved as counsel by motion filed on April 6, 2007. That motion was granted by this court by order dated April 10, 2007. Thereafter, this court has allowed the plaintiff two extensions of time in which to secure legal representation, but the plaintiff has not done so to date.

      On October 15, 2007, the plaintiff sent a letter to the court requesting dismissal of her case "for financial reasons" and stating that she "would like to be able to

pursue the case at a later time." Accordingly, the court has construed the letter as a motion to dismiss without prejudice (meaning that the plaintiff may bring a new lawsuit on this same cause of action) pursuant to Federal Rule of Civil Procedure 41. The defendant responded to the motion, stating that it did not oppose the motion provided that the court does not toll or extend any applicable statute of limitation.

A lawsuit alleging violation of Title VII must be filed within 90 days of the claimant's receipt of a Notice of Right to Sue from the EEOC. 42 U.S.C. 2000e-5(f)(1). The Notice of Right to Sue in this case was issued to the plaintiff on November 7, 2006. Accordingly, the plaintiff should be aware that any future complaint against the defendant for violation of Title VII will be barred by the applicable statute of limitations, even if the motion to dismiss is granted *without prejudice*.

Based upon the foregoing, the plaintiff's motion to dismiss her complaint without prejudice should be granted. As set forth in the attached notice, either party may file specific written objections to this report and recommendation with the Clerk of the U.S. District Court within ten (10) days (in this case, by November 21, 2007).

                                                 s/William M. Catoe
                                                 United States Magistrate Judge

October 31, 2007

Greenville, South Carolina